THE VANDEVELD LAW OFFICES, P.C.
*Curtis C. Van de veld*
Attorney At Law
Suite 215, 194 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 472-2863
Facsimile: (671) 472-2886

**Attorney for Plaintiff: GOLAM R. SARKER**

FILED
DISTRICT COURT OF GUAM
AUG 07 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DICTRICT COURT

DISTRICT OF GUAM

GOLAM R. SARKER, ) Civil Case No. CV02-00023
)
        Plaintiff, )
)
vs. ) **COMPLAINT FOR DAMAGES with a**
) **DEMAND FOR JURY TRIAL**
HYATT REGENCY GUAM, MIHIR ROUT, )
and DOE OFFICERS 1 through 10, )
)
        Defendants. )
)
)
_____)

COMES NOW Plaintiff, GOLAM R. SARKER, through and with his counsel, THE VANDEVELD LAW OFFICES, P.C., *Curtis C. Van de veld, Esq.*, to state and allege a complaint for damages as follows:

**A.    JURISDICTION AND VENUE.**

1.    The United States District Court, District Court of Guam has jurisdiction of the claims herein pursuant to 28 USC §§ 1331, 1337, and 1343(4), and 29 U.S.C. §§216(b), 626(b) and (c). This civil action arises under the Constitution and laws of the United States. Plaintiff is alleging a violation of his rights under Title VII of the Civil

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____
Page 1

ORIGINAL

Case 1:02-cv-00023    Document 1    Filed 08/07/2002    Page 1 of 16

Rights of 1964, as amended, 42 USC §§ 2000e et seq. and the AGE DISCRIMINATION IN EMPLOYMENT ACT [29 USC §§621-634] for damages based on the unlawful employment practice committed by Defendant.

2. The United States District Court for the District Of Guam is the place for proper venue herein under 28 USC §1391(b) and 42 USC §2000e-5(f)(3). Defendant is a corporate resident of the State of New York, doing business therein, and also doing business in Guam and the alleged unlawful employment practices were committed within the Guam, in the District hereof.

### B. PARTIES.

3. Plaintiff GOLAM R. SARKER is now, and at all times relevant to the actions complained of here has been, a resident of Guam, over the age of majority, of sound mind and not suffering any legal disability to bring suit.

4. Plaintiff is informed and believes, and hereby alleges upon such basis information and belief that Defendant HYATT REGENCY GUAM, is a corporation incorporated under the laws of Guam with its principal place of business in Guam and licensed to do business in Guam.

5. Defendant HYATT REGENCY GUAM is an employer within the meaning of that word as used in the Title VII of the Civil Rights Act of 1964.

6. Defendant MIHIR ROUT was at the time of the acts herein complained of by Plaintiff, the Assistant Director of Engineering for Defendant HYATT REGENCY GUAM and authorized to perform the acts herein complained about on behalf of Defendant HYATT REGENCY GUAM as its agent.

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____                                                                    Page 2

Case 1:02-cv-00023    Document 1    Filed 08/07/2002    Page 2 of 16

7.  Defendant DOE OFFICERS 1 through 10, are believed by Plaintiff to be officers of Defendant HYATT REGENCY GUAM, who either conspired and participated in the decisions to act and the taking of the actions herein complained, so as to discriminate against Plaintiff and to cause Plaintiff to suffer damage or knowing that such actions were in violation of the Civil Rights Act because of the discrimination of such actions upon Plaintiff acquiesced to such actions of others when they had an affirmative obligation to stop and cure the wrongful actions against Plaintiff.

### C.  PROCEDURAL REQUIREMENTS

8.  Following a letter Plaintiff mailed to the Equal Employment Opportunity Commission (hereinafter "EEOC"), on or about March 23, 2002, Plaintiff prepared a Charge of Discrimination (hereinafter "Charge"), which he mailed to the EEOC to initiate his discrimination complaint against Defendant HYATT REGENCY GUAM satisfying the requirements of 42 USC §2000e-5(b) and (e). A true and correct copy of the Charge is attached hereto as "Exhibit 1," and incorporated herein by this reference.

9.  The Charge was filed within one hundred eighty (180) days after the alleged unlawful employment practice occurred, about and between December 21, 2001 to December 26, 2001.

10.  On or about May 8, 2002, the EEOC mailed to Plaintiff a document titled "Dismissal And Notice Of Rights" (hereinafter "Notice"), pertaining to the charge of discrimination referenced in paragraphs 8 and 9. A true and correct copy of the Notice received by Plaintiff is attached hereto as "Exhibit 2," and incorporated herein by this reference.

/ / /

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____                                                                 Page 3

Case 1:02-cv-00023    Document 1    Filed 08/07/2002    Page 3 of 16

11. Within ninety (90) days of receipt of the Notice, Plaintiff has filed this suit.

12. At all times relevant to the actions complained of here, Defendant HYATT REGENCY GUAM was engaged in an industry affecting commerce employing twenty (20) or more persons for each working day in each twenty (20) or more calendar weeks in the current or preceding calendar year.

### D. CLAIM FOR RELIEF FROM DISCRIMINATION IN EMPLOYMENT BASED ON PLAINTIFF'S AGE AND RELIGION.

13. Plaintiff realleges here as though fully set forth all the foregoing allegations of this complaint.

14. In or about April 2001, Plaintiff applied for a position of Tradesman in the Maintenance Department for Defendant HYATT REGENCY GUAM.

15. A series of interviews were conducted of Plaintiff by Defendant HYATT REGENCY GUAM, though its agents, employees and officers.

16. During the interviews of Plaintiff referenced above, Plaintiff informed the agents, employees and officers of Defendant HYATT REGENCY GUAM, that Plaintiff was an active practitioner of the Muslim faith and must attend weekly Friday Prayer, which is mandatory for Muslims.

17. At no time did Defendant HYATT REGENCY GUAM, through any agent, employee or officer, indicate that said Defendant employer HYATT REGENCY GUAM could not accommodate Plaintiff's religious beliefs.

18. On or about early December 2001, Plaintiff was informed by Defendant MIHIR ROUT that Plaintiff was being given a new work schedule without any explanation.

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____                                                                 Page 4

Case 1:02-cv-00023     Document 1     Filed 08/07/2002     Page 4 of 16

The new work schedule required Plaintiff to work on Friday during the Weekly Prayer meeting that Plaintiff as a Muslim was required to attend.

19. Plaintiff complained to Defendant HYATT REGENCY GUAM through various of its managers and officers, Defendants DOE OFFICERS 1 through 10, but the Defendants DOE OFFICERS 1 through 10, failed to take any action to correct the situation of the failure to reasonably accommodate Plaintiff's religious beliefs.

20. Defendants DOE OFFICERS 1 through 10, were the persons charged by Defendant HYATT REGENCY GUAM to have the authority to redress complaints of religious discrimination in violation of Title VII of the Civil Rights Act of 1964, and despite the authority to remedy the discrimination against Plaintiff as reported by Plaintiff, Defendant HYATT REGENCY GUAM, through and with said Defendants DOE OFFICERS 1 through 10, allowed the discriminatory actions to continue.

21. On December 21, 2001, Plaintiff attended Friday Prayer services during his lunch break.

22. Later in the afternoon of December 21, 2001, after Plaintiff returned from lunch break, certain of Defendants DOE OFFICERS 1 through 10, informed Plaintiff that he was ineligible to continue in his employment because he took off time to attend the weekly Muslim Prayer meeting terminating the employment of Plaintiff with Defendant HYATT REGENCY GUAM.

23. Throughout his employment by the Defendant HAYTT REGENCY GUAM, Plaintiff satisfied all applicable job duties, was qualified for the position which he held, and performed the job in a manner which fully met the Defendant HYATT REGENCY GUAM's legitimate expectations.

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____                                                                 Page 5

Case 1:02-cv-00023   Document 1   Filed 08/07/2002   Page 5 of 16

24. The combined actions of all Defendants constitutes a refusal by all Defendants to accommodate Plaintiff's religious faith violates the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 USC §§2000e et seq.

25. As a direct and proximate result of the combined actions of the Defendants, Defendant HYATT REGENCY GUAM has refused to accommodate Plaintiff's religious faith in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 USC §§2000e et seq., which has directly and proximately caused Plaintiff to suffer statutory and other general damages.

26. As a direct and proximate result of the actions herein complained of by Plaintiff against the Defendants, Plaintiff has been caused to suffer economic damages in the form of lost income and benefits of employment all to his detriment in an amount to be proven at time of trial of this matter.

27. Defendant HYATT REGENCY GUAM'S refusal to accommodate Plaintiff's religious faith violates the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 USC §§2000e et seq., was willful.

28. The combined willful, malicious and oppressive acts of the Defendants violated Plaintiff's rights under ~~42 U.S.C. §1983~~, and Plaintiff is entitled to exemplary damages under said statute.

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Declare by judgment that the acts, policies, practices, and procedures of Defendant HYATT REGENCY GUAM, and the other Defendants, as complained of herein violated and continue to violate Plaintiff's rights under Title VII of the Civil Rights Act of

///

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____                                                               Page 6

Case 1:02-cv-00023   Document 1   Filed 08/07/2002   Page 6 of 16

1964, as amended, 42 USC §§2000e et seq., and Plaintiff's rights 29 USC §623(a)(1) of the AGE DISCRIMINATION IN EMPLOYMENT ACT;

      B.    Order Defendant HYATT REGENCY GUAM to make Plaintiff whole by reinstating him into his former position, or the equivalent of such position, and by providing appropriate back pay and reimbursement for lost pension and other benefits and expenses in an amount to be shown at trial, or alternatively award front pay to Plaintiff according to proof at time of trial;

      C.    Order Defendant HYATT REGENCY GUAM and the other Defendants to pay to Plaintiff all statutory liquidated damages due to Plaintiff as a result of the illegal willful acts and willful omissions to act of all of the Defendants;

      D.    Order Defendant HYATT REGENCY GUAM and the other Defendants to pay to Plaintiff exemplary damages according to proof;

      E.    Order Defendant HYATT REGENCY GUAM and the other Defendants to pay to Plaintiff all of Plaintiff's attorney's fees, costs, and disbursements;

      F.    Order Defendants to pay to Plaintiff all other relief at law or in equity not specifically requested herein which the court determines at trial of this matter that it is just and proper that Plaintiff should recover; and,

///

///

///

///

///

///

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____
Page 7

Case 1:02-cv-00023   Document 1   Filed 08/07/2002   Page 7 of 16

G. Find all Defendants jointly and severally liable for Plaintiff's monetary damages.

Respectfully submitted: this Wednesday, August 07, 2002.

THE VANDEVELD LAW OFFICES, P.C.

*Curtis C. Van de veld*

**Curtis Charles Van de veld, Esq.**
*Attorney for Plaintiff*
GOLAM R. SARKER

## DEMAND FOR JURY TRIAL

The Plaintiff requests a jury trial of this action.

Respectfully submitted: this Wednesday, August 07, 2002.

THE VANDEVELD LAW OFFICES, P.C.

*Curtis C. Van de veld*

**Curtis Charles Van de veld, Esq.**
*Attorney for Plaintiff*
GOLAM R. SARKER

## V E R I F I C A T I O N

GUAM, U.S.A.       )
                   ) ss:
HAGÅTÑA            )

I, the undersigned, **GOLAM R. SARKER**, being first duly sworn, depose and say that I have read the foregoing statements contained within this Complaint and swear that the statements herein made are true of my own knowledge, except as to matters which are therein stated on my information or belief; and as to those matters I believe them to be true.

*Golam R. Sarker*
**GOLAM R. SARKER**

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____                                                    Page 8

Case 1:02-cv-00023   Document 1   Filed 08/07/2002   Page 8 of 16

**SUBSCRIBED AND SWORN** to before me, a Notary Public for Guam this 7th day of August 2002, by *GOLAM R. SARKER*.

*Victoria S. Quichocho*

VICTORIA S. QUICHOCHO
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Feb. 25, 2006
P.O. Box 23498 Barrigada, Guam 96921

CCV/vsq
VPP/G.R. SARKER/CV001453

---

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
COMPLAINT FOR DAMAGES with a DEMAND FOR JURY TRIAL
Civil Case No. CV_____

# Exhibit 1

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA  ☒ EEOC | 378-A2-00178 |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Golam R. Sarker | (671) 734-3771 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| P.O. Box 26392 G M F, Barrigada, GU 96921 | | 01/01/1956 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Hyatt Regency Guam | Cat C (201-500) | (671) 647-1234 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1155 Pales San Vitores Rd, Tamuning, GU 96911 | | 010 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 12/21/2001  LATEST 12/26/2001
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

In April 2001, I began work with Hyatt Regency Guam as a Tradesman where I worked in the Maintenance Department.

In April 2001, I informed the Chief Engineer, Mr. Jaffiry, that I am a Muslim by religion and must attend the weekly Friday Prayer, which is mandatory for Muslims. Respondent granted my request in accommodating my schedule.

In early December 2001, the Asst. Director of Engineering, Mihir Rout, changed my work schedule without an explanation. My new schedule would not allow me to attend the weekly Friday Prayer. I complained to Respondent but it advised me to follow the new schedule.

On December 21, 2001, I attended Friday Prayer during my lunch break. Later in the afternoon, Respondent informed me that I was ineligible for the job because I took off for Prayer.

On December 26, 2001, I was terminated by Respondent.

I believe I have been discriminated against because of my religion, Islam.

RECEIVED MAR 27 2002 EEOC HLO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 3-23-02  /s/ Golam R. Sarker
Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)

# Exhibit 2

EEOC Form 161 (10/96)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Mr. Golam R. Sarker**
**P.O. Box 26392 GMF**
**Barrigada, GU 96921**

From: United States Equal Employment Opportunity Commission
300 Ala Moana Boulevard, Suite 7-127
Honolulu, Hawaii 96850

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-A2-00178 | Glory Gervacio, Investigator | (808) 541-3120 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[✓] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

TIMOTHY A. RIERA, Director          5/8/02
                                    *(Date Mailed)*

Enclosure(s)

cc: Ms. Claire Garcia
    Director of Human Resources
    Hyatt Regency Guam
    1155 Pale San Vitores Road
    Tamuning, GU 96931

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit <u>before 7/1/98</u> -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

ATTORNEY REPRESENTATION -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# United States District Court

DISTRICT OF __GUAM__

GOLAM R. SARKER,

        PLAINTIFF,

            V.

HYATT REGENCY GUAM, MIHIR ROUT
AND DOE OFFICERS 1 through 10,

        DEFENDANTS,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00023**

TO: (Name and address of defendant)

    HYATT REGENCY

ACKNOWLEDGED RECEIPT
By: [signature]
Date: 07 AUG 2002

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    THE VANDEVELD LAW OFFICES, P.C.
    SUITE 215, 194 HERNAN CORTES AVE.
    HAGATNA, GUAM 96910

an answer to the complaint which is herewith served upon you, within __20 (twenty)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court
CLERK

DATE: AUG - 7 2002

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

COPY

# United States District Court

DISTRICT OF **GUAM**

GOLAM R. SARKER,

    PLAINTIFF,

V.

HYATT REGENCY GUAM, MIHIR ROUT
AND DOE OFFICERS 1 through 10,

    DEFENDANTS,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00023**

ACKNOWLEDGED RECEIPT
By: _[signature]_
Date: 07 AUG 2002

TO: (Name and address of defendant)

    MIHIR ROUT

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    THE VANDEVELD LAW OFFICES, P.C.
    SUITE 215, 194 HERNAN CORTES AVE.
    HAGATNA, GUAM 96910

an answer to the complaint which is herewith served upon you, within __20 (twenty)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

AUG - 7 2002

CLERK                                                                                     DATE

/s/ Walter M. Tenorio

(BY) DEPUTY CLERK

COPY