Michael A. Pangelinan, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96911
Telephone:     (671) 646-9355
Facsimile:     (671) 646-9403

*Attorneys for Defendants*
*Hyatt Regency Guam and Mihir Rout*

F I L E D
DISTRICT COURT OF GUAM

SEP 0 9 2002

MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GOLAM R. SARKER, | CIVIL CASE NO. 02-00023 |
| Plaintiff, | |
| vs. | **ANSWER** |
| HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10, | |
| Defendants. | |

COMES NOW, Defendant HYATT REGENCY GUAM ("Defendant"), by and through its undersigned counsel, and answers the Complaint as follows:

1.     Defendant admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §§ 2000e et seq. Defendant denies all other allegations contained in paragraph 1 of the Complaint.

2.     As to paragraph 2 of the Complaint, Defendant admits the first sentence of paragraph 2 and denies all remaining allegations.

3.     Defendant denies the allegations contained in paragraphs 4, 7, 19, 20 and 22 though 28 of the Complaint.

4.     Defendant admits the allegations contained in paragraph 8, 10, 12, 14, 15, 16, 17, 21 of the Complaint

5.     As to paragraph 6 of the Complaint, Defendant admits that Mihir Rout was, at the time of the acts complained of by Plaintiff, the Assistant Director of Engineering for Defendant.

T020909.55-0001.CT (Answer).wpd

ORIGINAL

1

1  Defendant denies all remaining allegations contained in paragraph 6.

2        6.      Defendant having insufficient information or belief regarding the allegations

3  contained in paragraphs 3, 5, 9, 11 of the Complaint denies said allegations.

4        7.      As to paragraph 13 of the Complaint, Defendant realleges and incorporates by

5  this reference its responses to paragraphs 1 through 12.

6        8.      As to paragraph 18 of the Complaint, Defendant admits that on or about early

7  December 2001 Plaintiff was given a new work schedule that required Plaintiff to work on Friday.

8  Defendant denies all other allegations contained in paragraph 18.

9        9.      As to all other paragraphs and allegations not herein specifically admitted,

10  Defendant herein generally and specifically denies said allegations.

## AFFIRMATIVE DEFENSES

12        Plaintiff's claim against Defendants is barred by the following affirmative defenses:

13  statute of limitations, failure to exhaust administrative remedies, failure to mitigate, good faith,

14  estoppel, fraud, laches, res judicata, waiver, bona fide seniority or merit system, failure to satisfy

15  conditions precedent/subsequent, insufficiency of process, insufficiency of service of process, bad

16  faith, collateral estoppel, good cause for termination, not real party in interest, and unclean hands.

17        **WHEREFORE**, Defendant Hyatt Regency Guam prays that:

18        1.      Plaintiff take nothing by its Complaint;

19        2.      Defendant Hyatt Regency Guam recover its costs of suit and reasonable expenses

20  incurred herein, including without limitation attorneys' fees; and

21        3.      Defendant Hyatt Regency Guam recover such other and further relief as this Court

22  deems just and proper.

23        Dated this 9th day of September 2002.

24        CALVO AND CLARK, LLP
          Attorneys At Law
25        Attorneys for Defendant Hyatt Regency Guam and
          Mihir Rout

26

27        By: _____
                   JANALYNN M. CRUZ

28

T020909.55-0001.CT (Answer).wpd                                                         2