THE VANDEVELD LAW OFFICES, P.C.
*Curtis C. Van de veld*
Attorney At Law
Suite 215, 194 Hernan Cortes Avenue
Hagåtña, Guam 96910
Office: (671) 472-2863
Facsimile: (671) 472-2886

**Attorney for Plaintiff: GOLAM R. SARKER**



IN THE UNITED STATES DICTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| GOLAM R. SARKER, ) | Civil Case No. <u>CIV02-00023</u> |
| ) | |
| Plaintiff, ) | |
| ) | **MOTION TO WITHDRAW AS** |
| vs. ) | **COUNSEL FOR PLAINTIFF WITH** |
| ) | **MEMORANDUM OF POINTS AND** |
| HYATT REGENCY GUAM, MIHIR ROUT, ) | **AUTHORITIES** |
| and DOE OFFICERS 1 through 10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

<u>MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF</u>

COMES NOW, THE VANDEVELD LAW OFFICES, P.C., by *Curtis C. Van de veld*, *Esq.*, to move the court for permission to withdraw as counsel of record for Plaintiff, GOLAM R. SARKER, upon the grounds and bases as more fully set forth in the incorporated Memorandum of Points and Authorities and Declaration of Gabriella Rippel.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

<u>STATEMENT OF FACTS</u>

On August 7, 2002, the undersigned field a complaint for damages on behalf of the plaintiff in this matter.

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF WITH MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No. CIV02-00023                                                                                           Page 1

Case 1:02-cv-00023    Document 15    Filed 08/28/2003    Page 1 of 4

An offer of settlement is pending to Plaintiff's counsel about which counsel is unable to confer with Client to receive instruction on the disposition of the offer.

All filed documents and other documents received by counsel were prepared for dissemination to client for his retrieval. On July 1, 2003, Client retrieved the Scheduling Order for this matter executed and filed in December 2002. Client was advised that he needed to maintain strict disclosure to counsel of his contact information, needed to meet with counsel about fast approaching case deadlines and to review discovery disclosures. On July 14, and thereafter, numerous documents were received by counsel for dissemination to Client. Staff of counsel, Gabriela Rippel has attempted to contact Client at all phone numbers previously provided by Client to counsel, and through a request of Guam Telephone Authority information to see whether Client was issued a new phone number. All efforts to contact Client have proven fruitless and Client has not met his obligations to meet and confer with counsel.

Evidence has been presented to counsel that raises a question whether or not the claims of Client are meritorious in contradiction to assertions made by Client which counsel is unable to discuss with Client.

Counsel is informed that dispositive motions may be filed in this case and counsel will be unable to adequately represent Client due to lack of contact with him.

ARGUMENT

The Model Rules of Professional Conduct, 1990 version, are the standards of conduct under Guam law. MRPC Rule 1.16, requires that a lawyer shall terminate a representation by withdrawal if the representation will result in violation of the rules of professional conduct, Id., (a)(1), or, may withdraw when the client fails substantially to fulfill

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF WITH MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No. CIV02-00023　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Case 1:02-cv-00023　　Document 15　　Filed 08/28/2003　　Page 2 of 4

an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled, Id. (b)(4), or other good cause for withdrawal exists, Id. , (b)(6).

MRPC Rule 1.1, requires counsel to act competently in representing a client. Competent representation requires active participation and assistance of the Client. In the absence of the Client, counsel cannot adequately assist Client because Counsel lacks the essential witness for most of the proof matters in the case. This rule will be violated if the representation were to continue.

MRPC Rule 1.2(a), requires counsel to act in accordance with the decisions of the Client as to the objectives of the litigation. As dispositive motions are made and an offer of settlement is pending, counsel must consult client for his decision. Due to the Client failing to maintain contact information, counsel is unable to discharge his responsibilities under this rule.

MRPC Rule 1.3, requires counsel to act with reasonable diligence and promptness in performance of counsel's duties. The inability to communicate with Client prevents counsel from discharging this duty.

MRPC Rule 1..4, requires counsel to keep client reasonable informed about the matter. Client's failure to keep counsel informed about his contact information prevents counsel from discharging this responsibility.

MRPC Rule 3.1, prohibits a lawyer from bringing a claim that lacks merit. Certain factual information contradicting facts alleged by Client have been brought to counsel's attention. Without the ability to discuss these matters with Client, counsel is unable to determine whether or not the facts are disputed and the claim continues to have merit.

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF WITH MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No. CIV02-00023                                                                                        Page 3

Case 1:02-cv-00023    Document 15    Filed 08/28/2003    Page 3 of 4

CONCLUSION

Due to Client's failure to maintain contact with counsel, counsel must withdraw from the representation and the court should grant counsel's motion.

Respectfully submitted: this Monday, August 25, 2003.

THE VANDEVELD LAW OFFICES, P.C.

*[signature]*

**Curtis Charles Van de veld, Esq.**
*Attorney for Plaintiff*
*GOLAM R. SARKER*

CCV/ccv
VPP/G.R. SARKER/CV00145

GOLAM R. SARKER vs. HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10.
MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF WITH MEMORANDUM OF POINTS AND AUTHORITIES
Civil Case No. CIV02-00023   Page 4

Case 1:02-cv-00023   Document 15   Filed 08/28/2003   Page 4 of 4