Michael A. Pangelinan, Esq.
Janalynn M. Cruz, Esq.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

*Attorneys for Defendants*
Hyatt Regency Guam and Mihir Rout

FILED
DISTRICT COURT OF GUAM
SEP 26 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GOLAM R. SARKER, | CIVIL CASE NO. 02-00023 |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS |
| HYATT REGENCY GUAM, MIHIR ROUT, and DOE OFFICERS 1 through 10, | |
| Defendants. | |

Defendants, HYATT REGENCY GUAM and MIHIR ROUT, hereby submit this memorandum of points and authorities in support of its motion to dismiss the complaint filed by Plaintiff, GOLAM R. SARKER ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("F.R.C.P") 41(b).

### I. INTRODUCTION

On August 7, 2002, Plaintiff filed a complaint for damages alleging employment discrimination by the Defendants. Since the issuance of the December 17, 2002 Scheduling Order, Plaintiff has done nothing to advance this action other than resetting discovery deadlines through Plaintiff's former counsel.

On August 28, 2003, Plaintiff's counsel moved to withdraw as counsel for the Plaintiff because "[a]ll efforts to contact [his] client have proven fruitless and [his] client has not met his obligations to meet and confer with counsel." *See* Plaintiff's Counsel's Motion to Withdraw filed August 28, 2003, p. 2. Plaintiff's counsel's motion to withdraw was granted on September 5, 2003. *See* Order dated September 5, 2003 granting motion to withdraw. Based on Plaintiff's lack of interest

in pursuing this case, as evidenced by his failure to maintain any contact whatsoever with his attorney, Plaintiff's claims should be dismissed with prejudice pursuant to Rule 41(b).

## II. STANDARD FOR DISMISSAL

Rule 41(b) permits the court to dismiss an action for failure to prosecute or to comply with a court order in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the courts. *Link v. Wasbash R. Co.*, 370 U.S. 626, 629-630 (1962). An involuntary dismissal under Rule 41(b) for a plaintiff's failure to prosecute is a matter committed to the discretion of the district court. *Id.* at 633. A dismissal for failure to prosecute under Rule 41(b) is based on the record as a whole and on the totality of the circumstances confronting the court. *Citizens Utilities Co. v. American Tel. and Tel. Co.*, 1977 WL 1551 (N.D. Cal. 1977)(court has discretion to dismiss where the totality of the circumstances warrant such action)[1]; *McCune v. F. Alioto Fish Co.*, 597 F.2d 1244, 1249 (9th Cir. 1979)(court looks to whole record to support Rule 41(b) dismissal).

## III. PLAINTIFF HAS FAILED TO PROSECUTE HIS CLAIM

Failure to prosecute, although not defined by the Rule, may manifest itself through simple inaction. *Boiling v. U.S.*, 231 F.2d 926, 927 (9th Cir. 1956)(trial court has inherent power to dismiss case based on plaintiff's inaction).

The failure of a plaintiff to contact his attorney will in some instances constitute sufficient grounds for dismissal based on Rule 41(b). *Barahman v. Sullivan*, 1992 WL 226293 (E.D.N.Y.).[2] In *Barahman,* the court dismissed an action under Rule 41(b) after plaintiff's attorney was unable to locate plaintiff after numerous attempts. *Id.*

In the instant case, Plaintiff's contact with his attorney has been sporadic at best. For example, Plaintiff did not retrieve the Scheduling Order in this matter, which was filed in December 2002, until July 1, 2003. Plaintiff's Counsel's Motion to Withdraw, p. 2. At that time, Plaintiff was advised that he needed to maintain strict disclosure to his counsel of his contact information and to

---

[1] *See* attachment pursuant to GR 4.1 Local Rules of Practice.

[2] *Id.*

meet with his counsel regarding approaching deadlines. *Id.* Nevertheless, Plaintiff still failed to maintain contact with his attorney. *Id.* Plaintiff's attorney has indicated that he has made numerous attempts to contact the Plaintiff and that all such efforts have "proven fruitless." *Id.* Furthermore, on August 8, 2003, and again on August 11, 2003, Plaintiff's Counsel's staff attempted unsuccessfully to contact Plaintiff through all contacted numbers listed in Plaintiff's file. *See generally,* Declaration of Gabriela P.R. Rippel.

Plaintiff's failure to maintain contact with his attorney has prejudiced Defendants. On numerous occasions, the parties have had to jointly request enlargements of time for motions and discovery due to Plaintiff's inability to maintain contact with his attorney. *See* Stipulation to Enlarge Time for Discovery and Motions dated July 7, 2003 and August 14, 2003. Moreover, Plaintiff failed to provide Initial Disclosures to Defendants as required by the December 17, 2002 Scheduling Order and Discovery Plan, and as required under Rule 26(a)(1) of the Federal Rule of Civil Procedure. *See* Declaration of Michael A. Pangelinan, ¶ 2. In addition, Defendants have attempted several times to schedule Plaintiff's deposition; however, because Plaintiff's counsel was unable to contact Plaintiff, Defendants have not been able to depose Plaintiff. *See* letters to Plaintiff's counsel attached as **Exhibits "A and B"** to the Declaration of Michael A. Pangelinan. With the discovery completion deadline having now passed, with the motion deadlines quickly approaching, and with trial scheduled to commence on November 4, 2003, Defendants are now in the vulnerable position of having to prepare for trial without the benefit of discovery and without knowing whether a trial will actually take place.

The facts of the present matter, as in *Barahman*, strongly indicate that Mr. Sarker has not only failed to prosecute his claim, but has apparently abandoned his case altogether. It is clear from Plaintiff's actions that he has no interest in moving his claim forward. Plaintiff's former counsel has indicated that he is aware of evidence that contradicts the assertions made by Plaintiff regarding the merits of Plaintiff's claim. *See* Plaintiff's Counsel's Motion to Withdraw, p. 2. In fact, as part of his argument in support of withdrawal, Plaintiff's former counsel cites MRPC Rule 3.1 which prohibits a lawyer from bringing a claim that lacks merit. *Id.* at p. 3.

As in *Barahman*, Plaintiff's counsel has made every attempt to contact his client to no

1 avail. Plaintiff's Counsel has withdrawn from this case leaving Defendants to face the prospect of
2 preparing for a trial that will most likely never occur. Defendants have already incurred substantial
3 legal fees in having to respond to Plaintiff's baseless allegations. In fairness to Defendants, this case
4 should be dismissed with prejudice pursuant to Rule 41(b).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that its motion be granted and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 26th day of September, 2003.

CALVO AND CLARK, LLP
Attorneys At Law

By: _____
MICHAEL A. PANGELINAN
Attorneys for Defendants Hyatt Regency
Guam and Mihir Rout

Not Reported in F.Supp.
1978-1 Trade Cases P 61,959
**(Cite as: 1977 WL 1551 (N.D.Cal.))**

Page 1

C

United States District Court; N.D. California.

**Citizens Utilities Co., et al.**
v.
**The American Telephone and Telegraph Co., et al.**

Civil No. 39483-WJF

Filed April 1, 1977

FERGUSON, D. J.

### Memorandum and Order

*1 Plaintiffs, pursuant to Federal Rule of Civil Procedure 59 have moved for reconsideration of the court's ruling dismissing this case. The court has once again reviewed the arguments of both parties, but upon careful consideration concludes that its original order and judgment must stand.

*[Failure of Prosecution]*

The court has discretion under Federal Rule of Civil Procedure **41(b)** to dismiss for want of prosecution where the **totality** of the circumstances warrant such action. The failure to go to trial in March 1974, whether resulting from plaintiffs' decision to substitute counsel or from the court's calendar considerations is one of those circumstances. 16 years have passed since this action was instituted; the events at issue stretch back 25 or 30 years. Numerous witnesses have died; memories have faded. Actual prejudice, not merely presumed prejudice, has resulted. Here we do not have a single 16 year spell of inaction, but rather spaces throughout the course of the litigation where procrastination, for whatever reason, slowed proceedings. Plaintiffs have an obligation to press forward with litigation, even if defendants in part slow their progress. They failed to do that here.

*[Antitrust Immunity]*

Dismissal is also warranted on jurisdictional grounds. The court did not rule, as plaintiffs now suggest, that the telephone company defendants are protected from antitrust suits because of a blanket immunity resulting from FCC regulation. Instead the court concluded that where the claim asserted by plaintiffs involves simply the division of revenues within the telephone industry, the proper forum is not in a district court, but in the FCC. *Cf., e.g., Montana-Dakota Co. v. Public Serv. Co.,* 341 U. S. 246 (1951). The doctrine of primary jurisdiction as applied in *Foremost International Tours v. Qantas Airways, Ltd.* [1975-2 TRADE CASES P 60,578], 525 F. 2d 281 (9th Cir. 1975), cert. denied - U. S. -, requires the same result. Whether these considerations be purely jurisdictional or whether they constitute a determination that the complaint fails to state a claim upon which relief may be granted, plaintiffs have now had an opportunity to present their argument on the matter and the court may dismiss the action on its own motion. See *Dodd v. Spokane County,* 393 F. 2d 330, 334 (9th Cir. 1968); 5 Wright & Miller, *Federal Practice and Procedure* § 1357.

It Is Ordered that plaintiffs' motion for reconsideration be and the same is hereby denied.

It Is Further Ordered that the clerk serve a copy of this order by mail upon the parties appearing in this action.

1977 WL 1551 (N.D.Cal.), 1978-1 Trade Cases P 61,959

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1992 WL 226293
Unempl.Ins.Rep. (CCH) P 16792A
**(Cite as: 1992 WL 226293 (E.D.N.Y.))**

Page 1

C

United States District Court, E.D. New York.

James BARAHMAN
v.
SULLIVAN.

Nos. CV 87-2405(RJD), 91-1605(RJD).

May 15, 1992.

Memorandum and Order

DEARIE, District Judge:

*1 Plaintiff James Barahman originally brought this action in 1987, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Secretary of Health and Human Services (the "Secretary"), which denied his applications for Supplemental Security Income benefits and disability benefits.

In December 1987, the parties stipulated to remand to the Secretary for further administrative proceedings. Although he was represented by counsel on remand, plaintiff did not respond to requests to schedule consultative examinations and supplemental hearings. He failed entirely to respond to the Secretary's repeated attempts to contact him. On July 30, 1990, the administrative law judge issued a final decision, based on the record evidence, denying the claim for benefits. On August 6, 1990, Mr. Barahman's attorney submitted a request for review, which was denied on April 24, 1991, after further unsuccessful attempts by the Secretary to locate plaintiff.

The United States Attorney's Office has continued to try to find Mr. Barahman. Despite transmitting notices by certified mail, and attempting to contact plaintiff through his attorney, Mr. Barahman's whereabouts remain unknown. Even the attorney who represented him during the administrative proceedings has been unable to locate him. Defendant Secretary therefore seeks to dismiss the action for failure to prosecute, under Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) provides:
For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.

Although the rule does not define failure to prosecute, such failure can evidence itself in a pattern of dilatory conduct, or simply in "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982).

While dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972), the authority to appropriately invoke this remedy under Rule 41(b) is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre,* 682 F.2d at 42. The facts of the present case strongly indicate that Mr. Barahman has not only failed to prosecute his claims, but has apparently abandoned his case altogether.

Accordingly, the Court grants defendant's motion to dismiss the case for failure to prosecute.

The Clerk of the Court is directed to enter judgment for the defendant.

SO ORDERED.

1992 WL 226293, 1992 WL 226293 (E.D.N.Y.), Unempl.Ins.Rep. (CCH) P 16792A

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works